

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

WILLIE THOMAS FORD,

Plaintiff,

v. Civil Action No. 3:18CV446

TAMMY BROWN, et al.,

Defendants.

**MEMORANDUM OPINION**

Willie Thomas Ford, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on the PARTICULARIZED COMPLAINT (ECF No. 16) and Ford's Motion To Show Cause Good Time Days Credited Is In Compliance With 42 U.S.C. § 1983, When Damage Claims Are Before The Court ("Response to Show Cause Order," ECF No. 21). The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because

they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289

F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. PROCEDURAL HISTORY

By Memorandum Order entered on December 6, 2018, the Court directed Ford to file a particularized complaint. The Court noted that the

> eighty-eight-page Complaint contains, for example, pages of impossible to follow calculations, conspiracy theories, and rambling and nonsensical allegations stemming from his criminal proceedings, his incarceration, the calculation of his sentence, and various cases he has brought while incarcerated. Plaintiff names institution staff, "Court of Legal," attorneys and various judges who have handled his prior cases.

(ECF No. 14, at 2-3.) Ford submitted a Particularized Complaint. (ECF No. 16.) Upon the Court's review of the Particularized Complaint, it appeared that Ford attacked both the duration of his sentence and sought damages. Ford failed to demonstrate why he may bring such action pursuant to § 1983.

Accordingly, by Memorandum Order entered on March 4, 2019, the Court directed Ford, within fourteen days of the date of entry thereof, to show good cause why he should be permitted to proceed with the current action under § 1983. (ECF No. 19, at 1-2.) Ford submitted his Response to Show Cause Order. (ECF No. 21.) However, this submission is again a rambling narrative that alleges a conspiracy and criminal activity such as mail fraud and racketeering with regard to his good conduct credit calculation and legal update sheets. As discussed below, to the extent that Ford challenges the calculation of his sentence and good conduct credit earning level, such a claim must be brought pursuant to a petition for writ of habeas corpus. Ford's request for damages and the remaining allegations of criminal activity by the Defendants are not cognizable in § 1983.

## III. SENTENCE CHALLENGE MUST BE BROUGHT IN HABEAS

"[T]he settled rules [provide] that habeas corpus relief is appropriate . . . when a prisoner attacks the fact or duration of confinement, see Preiser v. Rodriguez, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle, including a 42 U.S.C. § 1983 complaint. Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel

citations omitted) (citing Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978)). Thus, any challenge to the duration of his sentence must be brought pursuant to a habeas corpus petition under 28 U.S.C. § 2254. However, a plaintiff may not seek monetary damages under § 2254, nor are monetary damages appropriate under 42 U.S.C. § 1983 where the plaintiff is attacking the duration of his sentence. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis added)).

In the Response to Show Cause Order, Ford seemingly alleges that he should be allowed to challenge the improper calculation of his sentence, his good conduct credit earning level, and his projected release date, by way of § 1983 because he seeks monetary damages. However, Ford's claims for monetary damages are barred by Heck v. Humphrey, 512 U.S. 477 (1994), because he seeks damages related to the length of his sentence and he has not demonstrated that his conviction or sentence has been invalidated. In Heck, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding

criminal judgments." Heck, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Id. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. An award of monetary damages in this instance would require a finding that Ford's sentence was invalid, and thus, is barred from review in § 1983. Any request for damages will be dismissed for failure to state a claim and as frivolous.

However, to the extent that Ford challenges the manner in which his good conduct credit earning level and projected release date have been calculated, and thus, attacks the duration of his sentence, that portion of the action will be dismissed without

prejudice.  Ford may bring such claims pursuant to a writ of habeas corpus.

## IV. ANY REMAINING CLAIM IS FRIVOLOUS

It is both unnecessary and inappropriate to engage in an extended discussion of Ford's terse remaining theories for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Ford's remaining allegations will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

In his Particularized Complaint, Ford indicates that he has sought "abduction warrants" and wanted "abduction charges to be executed" against the named Defendants. (Part Compl. 5.) In his Response to Show Cause Order, Ford alleges that he has been subject to "criminal acts" by Defendants (Resp. Show Cause Order 1), including fraud, electronic mail fraud, and racketeering, and he recites portions of the elements of various federal crimes.

Contrary to Ford's suggestions, "the Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." Barron v. Katz, No. 6:17-CV-195-

KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Ford as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the remaining claims alleging criminal activity will be dismissed for failure to state a claim and as frivolous.

## V. CONCLUSION

For the foregoing reasons, the action will be dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2). The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g). To the extent that Ford wishes to challenge the duration of his sentence, he may bring any such claims pursuant to a writ of habeas corpus.

The Clerk is directed to send a copy of the Memorandum Opinion to Ford.

It is so ORDERED.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 17, 2019